UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH, | No. 1:20-cv-00626-DAD-SKO (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION WITHOUT PREJUDICE |
| KOENING, | |
| Respondent. | (Doc. No. 5) |

Petitioner Gary Paul Smith is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2554. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On May 11, 2020, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed without prejudice due to petitioner's failure to exhaust his claims by first presenting them to the highest state court prior to seeking federal habeas relief. (Doc. No. 5.) The pending findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within twenty-one (21) days of the service of the findings and recommendations. (*Id.* at 4.) To date, no objections have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the

1

findings and recommendations are supported by the record and proper analysis.

In addition, having concluded that the pending petition must be dismissed, the court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on May 11, 2020 (Doc. No. 5) are adopted in full;
2. The petition for writ of habeas corpus is dismissed without prejudice due to petitioner's failure to exhaust his claims in state court prior to seeking federal habeas relief;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 26, 2020**

UNITED STATES DISTRICT JUDGE